```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

**MIKEAL GLENN STINE,**

                        **Plaintiff,**

              v.                              CASE NO. 13-3002-SAC

**BUREAU OF PRISONS/NORTH CENTRAL**
**REGIONAL OFFICE, et al.,**

                        **Defendants.**

**MEMORANDUM AND ORDER**

This matter is a civil rights action filed pursuant to 28 U.S.C. § 1331. Plaintiff, a federal prisoner incarcerated in the United States Penitentiary, Florence, Colorado, proceeds pro se and seeks leave to proceed in forma pauperis.

Plaintiff is subject to 28 U.S.C. § 1915(g), a restriction in the federal in forma pauperis statute that applies to a prisoner who has filed three or more actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. A prisoner who has such prior dismissals may not proceed in forma pauperis unless the prisoner establishes "specific, credible allegations of imminent danger". *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1176 (10th Cir. 2011).[1] The court also notes that the U.S. District Court for the District of Colorado has imposed prospective filing restrictions on the

---

[1] In *Stine v. Lappin*, 2009 WL 2848849 (D.Colo.), the qualifying strikes were identified as: Case Nos. 08-cv-581-PHX-PGR (MHB) (D. Ariz.)(dismissed for failure to state a claim for relief); Case No. 07-cv-00102-ZLW (D.Colo.)(dismissed as frivolous and malicious); Case No. 08-cv-00298-ZLW (dismissed as frivolous and malicious); and Case No. 07-cv-00121-WYD-KLM (D.Colo.)(dismissed as malicious).

plaintiff that apply to any future complaint filed pro se. *Stine v. Lappin*, 2009 WL 2848849, at *5 (D. Colo. Sep. 1, 2009).

In the present action, plaintiff claims the defendants developed a plan implemented at the prison where he is incarcerated that intentionally subjects him to exposure to hepatitis, tuberculosis, and other infectious diseases. He also asserts that the Bureau of Prisons (BOP) "uses mentally ill inmates to impose punishment on non-mentally ill inmates." (Doc. 1, p. 3B.)

Plaintiff describes his transfer to a segregation cell in December 2012, and he states he has become sick and has been refused a medical evaluation. (*Id.*, p. 3D.)

Having considered the plaintiff's allegations, however, the court is not persuaded that he should be allowed to proceed in forma pauperis. In the Tenth Circuit, a prisoner who seeks to overcome the bar of § 1915(g) "should make a 'specific reference as to which of the defendants may have denied him what medication or treatment for what ailment on what occasion'" *Stine v. U.S. Federal Bureau of Prisons*, 465 Fed.Appx. 790, 793 (10th Cir. 2012)(quoting *Hafed*, 635 F.3d at 1180 (internal citation omitted)). Not only does plaintiff fail to make the detailed factual allegations required, it does not appear that the defendants within the jurisdiction of this court are those in charge of the day-to-day custodial care of the plaintiff.

Likewise, while plaintiff alleges that he became ill and had difficulty breathing (Doc. 1, ex. 2, Stine declaration , p. 1.), it does not appear that he is in imminent danger, as contemplated by 28 U.S.C. § 1915(g). *Compare Stine v. U.S. Federal Bureau of Prisons*, 2013 WL 71187 (10th Cir. 2013)(upholding denial of in forma pauperis status for plaintiff's failure to comply with filing restrictions,

although plaintiff alleged denial of medical treatment for an eye disease, skin infection, and a "life-threatening acid reflux condition").

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is denied. Plaintiff is granted to and including March 19, 2013, to submit the $350.00 filing fee to the clerk of the court.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

DATED: This 19th day of February, 2013, at Topeka, Kansas.

                                        S/ Sam A. Crow
                                        SAM A. CROW
                                        U.S. Senior District Judge